UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT LATTANZIO,                   :
                                     :
        Plaintiff                    :
                                     :
    v.                               :   CIVIL NO. 4:CV-08-139
                                     :
RONNIE HOLT,                         :
ET AL.,                              :   (Judge McClure)
                                     :
        Defendants                   :

## **MEMORANDUM**

February 27, 2008

## I.  **Background**

This *pro se* civil rights action was initiated by Vincent Lattanzio ("Plaintiff"), an inmate confined at the Canaan United States Penitentiary, Waymart, Pennsylvania ("USP-Canaan"). Plaintiff has also submitted an *in forma pauperis* application. For the reasons set forth below, Lattanzio's action will be dismissed, without prejudice, as legally frivolous under 28 U.S.C. § 1915.

Named as Defendants are two (2) USP-Canaan prison officials, Warden Ronnie Holt and Unit Manager M. Sample. Lattanzio states that he arrived at USP-Canaan on June 30, 2005. Upon his arrival, Lattanzio acknowledges that he

was provided with an Inmate Handbook which sets forth various prison rules and regulations. Plaintiff adds that he subsequently mailed "visiting applications" to his father and sister, both of whom reside in the Boston, Massachusetts area. Record document no. 1, Statement of Facts, ¶ 2. The Complaint describes Plaintiff's father as being elderly and confined to a wheelchair due to coronary disease. It adds that Lattanzio's father "cannot pass through the metal detector because he has a defibrillator implanted in his chest." Id. at ¶ 4.

It is asserted that following his arrival, Plaintiff's sister and father visited him on "four separate occasions and they were admitted without incident." Id. at ¶ 6. On those dates, prison staff used a hand held metal detector to search Plaintiff's father. According to the Complaint, Plaintiff's father was denied admission to USP-Cannan by Defendant Sample on May 26, 2007. Sample allegedly refused to admit the visitor on the basis that Federal Bureau of Prison ("BOP") policy "required plaintiff's father to carry documentation of his medical condition on his person and furnish it to staff each time he enters the institution." Id. at ¶ 7.

Warden Holt denied an administrative grievance filed by the Plaintiff regarding the May 26, 2007 incident on the basis that BOP Policy Statement 5267.08B mandates that visitors with surgically implanted pacemakers will need to supply medical documentation of such items prior to entry.

Lattanzio claims that Defendant Sample's denial of visitation rights was improper since his father had been previously authorized (after undergoing a wand search) to enter the prison and the requested medical documentation had already been provided to a USP-Canaan counselor. Plaintiff adds that he was not given prior notice as to the requirements of Program Statement 5267.08B since said policy was not included in the Inmate Handbook that he was given upon entering USP-Canaan. Furthermore, the Program Statement does not require visitors to furnish medical documentation each time they enter the prison. His Complaint seeks an award of compensatory damages.

## II. Discussion

### A. Standard of Review

28 U.S.C. § 1915 imposes obligations on prisoners who file civil actions in federal court and wish to proceed *in forma pauperis*. § 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Consequently, federal courts reviewing civil rights complaints filed by persons wishing to proceed *in forma pauperis* may determine that process should not be issued if the complaint is malicious, presents an indisputably meritless legal

theory, or is predicated on clearly baseless factual contentions. *Neitzke v. Williams,* 490 U.S. 319, 327-28 (1989); *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).[1] In *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995), the Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." "The frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### B.    Emotional Injury

As noted earlier, Lattanzio is apparently seeking in part to recover compensatory damages for emotional injury which he suffered as a result of the Defendants' alleged constitutional misconduct. There are no physical injuries described or alleged in the Complaint.

42 U.S.C. § 1997e(e) provides that "[n]o federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or

---

[1] Indisputably meritless legal theories are those "in which it is either readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit." *Roman v. Jeffes*, 904 F.2d 192, 194 (3d Cir. 1990) (quoting *Sultenfuss v. Snow*, 894 F.2d 1277, 1278 (11th Cir. 1990)).

emotional injury suffered while in custody without a prior showing of physical injury." In Allah v. Al-Hafeez, 226 F.3d 247, 250 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit recognized that where a plaintiff fails to allege actual injury, Section 1997e(e) bars recovery of compensatory damages. However, the Court added that an inmate alleging a violation of his constitutional rights may still pursue the action to recover nominal and/or punitive damages even in the absence of compensable harm.

Under the standards announced in Allah and Section 1997e(e), Lattanzio's civil rights claims which assert violation of his constitutional rights can proceed only to the extent that they seek compensatory damages for non-emotional injuries. See Ostrander v. Horn, 145 F. Supp. 2d 614, 618 (M.D. Pa. 2001).

**C.     Visitation**

The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." In order to implicate the Eighth Amendment, a condition of confinement must be so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measure of the necessities of life. See Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). Only conditions which result in

atypical and significant deprivation rise to the level of a constitutional violation. Sandin v, Conner, 515 U.S. 472, 486 (1995).

Neither convicted prisoners nor their family members have an inherent constitutional right to visitation. See Flanagan v. Shively, 783 F. Supp. 922, 934 (M.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992), cert. denied, 114 S. Ct. 95 (1993); Doe v. Sparks, 733 F. Supp. 227, 230 & n.3 (W.D. Pa. 1990); Buehl v. Lehman, 802 F. Supp. 1266, 1270 (E.D. Pa. 1992)(visitation is a privilege subject to the discretion of prison authorities).

Removal from society is a fundamental incident of imprisonment and where visitation is permitted, it is often narrowly circumscribed. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) (denying prison visitation with mother characterized as well within ordinarily contemplated terms of imprisonment). An inability to receive visitors is not atypical and unusually harsh compared to the ordinary circumstances contemplated by a prison sentence. Parke v. Lancaster County Prison, Civil No. 95-6425, slip op. at 5 (E.D. Pa. Oct. 24, 1995) (DuBois, J.).

The United States Supreme Court has recognized that the Constitution does not require that inmates be allowed visits "when reasonable, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the institution." Block v. Rutherford, 468 U.S. 4576, 589 (1984). More recently, the Supreme Court elaborated that "[w]ithdrawing

visitation privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior." Overton v. Bazzetta, 539 U.S. 126, 134 (2003); Inmates of Allegheny County v. Pierce, 612 F.2d 754, 759 (3d Cir. 1979)( a legitimate prohibition on visitation is acceptable even if it implicates a fundamental right, such as family relationships).

The one time denial of visitation rights to the Plaintiff's father because of his failure to produce medical documentation as alleged in the present Complaint is simply not a condition of confinement so reprehensible as to be deemed inhumane under contemporary standards or one that deprives an inmate of minimal civilized measure of the necessities of life, as required to implicate the Eighth Amendment. See Bazzetta v. McGinnis, 124 F.3d 774, 779 (6th Cir. 1997)(ban on visits "cannot be said to constitute cruel and unusual punishment."); Hudson, 503 U.S. at 8 (1992); Wilson, 501 U.S. at 298. It is clear that the alleged conduct of Unit Manager Sample was reasonably related to a legitimate penological objective, namely institutional security and therefore, was within acceptable constitutional parameters. Based upon an application of the above standards and the deference afforded to prison management decisions, the Complaint fails to set forth a viable constitutional claim.

**D.   Warden Holt**

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements:  (1) that the conduct complained of was committed by a person

acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims cannot be premised on a theory of *respondeat superior*. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim.  See Rizzo v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). While prisoners do have a constitutional right to seek redress of their grievances from the government, that right is the right of access to the courts which is not compromised by the failure of prison officials to address an inmate's grievance.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure).

Pursuant to the above standards, Lattanzio's Complaint to the extent that it contends that Warden Holt violated his constitutional rights by failing to take corrective action following his submission of an administrative grievance is constitutionally insufficient.  Likewise, any claim against Defendant Holt based upon the Warden's decision making or lack thereof with respect to Plaintiff's administrative grievance lack merit.

Moreover, if Lattanzio is attempting in part to establish liability against Warden Holt solely based upon that Defendant's supervisory role, under the standards developed in Rizzo and Rode, such *a respondeat superior* type assertion is likewise insufficient for establishing civil rights liability.

## III.   Conclusion

Since Plaintiff's complaint is "based on an indisputably meritless legal theory" it will be dismissed, without prejudice, as legally frivolous. *Wilson*, 878 F.2d at 774.   An appropriate Order will enter.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VINCENT LATTANZIO,         :
     Plaintiff         :
                       :
                       :  CIVIL NO. 4:CV-08-139
                       :
    v.                  :  (Judge McClure)
                       :
RONNIE HOLT,               :
ET AL.,                    :
     Defendants        :
                       :

**ORDER**

February 27, 2008

In accordance with the accompanying Memorandum, **IT IS**

**HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(I).

2. The Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is construed as a motion to proceed without full prepayment of fees and costs and the motion is GRANTED.

      3.      The Clerk of Court is directed to close the case.[2]

      4.      Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

        s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

---

[2] The dismissal of this action does not relieve Plaintiff of the obligation to pay the full filing fee.